May it please the Court, my name is Richard Dreitzer. I am counsel for the appellant the State of Nevada Department of Corrections in this matter. We would like to reserve five minutes of our time for rebuttal this morning with the court's permission. This appeal is fundamentally concerned with two wholly inconsistent orders from the district court. One which correctly articulated the law as to the immunities enjoyed by state entities and a second which conflated the two types of immunity and came to a conclusion which we believe is wrong. So as a remedy, we ask that this court confirm that the State of Nevada has absolute immunity to suit in any court under the Fair Labor Standards Act. So you're limiting immunity from suit, not immunity from liability? Absolutely. We are, that is 100% our position. Yes, so we would ask the court to reverse the district court's mistaken order which came to the opposite conclusion and thirdly dismiss this action with prejudice since the only causes of action which remain before the court are the ones under the Fair Labor Standards Act. Now, the court correctly stated the situation as far as the types of immunity, immunity from liability, immunity from suit. For purposes of my argument, I'm going to refer to it as Alden v. Main immunity or absolute immunity. That's not really a defense per se. It's a structural element of Nevada law that is not state to do so. We believe that the court's March 1st, 2018 order got this correct. The court specifically said that the Fair Labor Standards Act does not waive immunity to Nevada's suit in federal court, that Congress didn't have the power to abrogate that immunity, and that federal courts do not have jurisdiction over FLSA cases against state entities unless there's an immunity waiver that has occurred. Likewise, the court's first order talked about waiver needing to be expressly stated. Edelman v. Jordan speaks to that. Because it's a constitutional right, it's a stringent burden that the person alleging waiver has to follow or has to identify. And lastly, the court was correct in where it said that NRS 41031 did not waive immunity from the suit under the Eleventh Amendment. Where the court went wrong in the March 26th order was to conclude that removal of the suit to federal court by itself was a waiver of the State's sovereign or all that immunity. That's the error of law that we are identifying. The only rationale in the court's March 26th order was the citation to Lapidus. But Lapidus doesn't apply in this case, because Lapidus specifically says the question before us is whether the State's act of removing a lawsuit from State court to federal court is a waiver of all that immunity. And Nevada has taken no action to waive that. As far as the Ninth Circuit's jurisprudence, the only case that comes to form is the court. Kennedy. What's waived by the removal? Nothing? Edelman. I'm sorry? Kennedy. Nothing is waived by the removal? Edelman. No, no. Our argument is strictly that the court, that the State did not waive its immunity to suit under the law. Kennedy. My question is what did it waive? Under Lapidus, it waived something, right? Edelman. Yes. Kennedy. What did it waive? Edelman. That's the ability of a State to assert that it will only be sued in federal court for causes of action such as have been alleged. Kagan. So where do you get that conclusion out of either Embry or Lapidus? Edelman. The conclusion? Kagan. Yeah, that you just stated. The single item waived, you said, relates to being able to be sued in federal court. Edelman. Right. What I've just created to focus the distinction. We're strictly dealing with immunity, Alden v. Maine, where we can be sued under the Fair Labor Standards Act. Our position is that we cannot, the State of Nevada cannot be sued under FLSA in any court. That is the entirety of our immunity that we believe has been abrogated in this case, and we have not consented to that, and we have not waived it. And note 20. Kagan. Just to be clear, your waiver argument is pegged specifically to the FSLA? Edelman. That is correct. That is correct. And note 20 of the Embry v. King decision in the Ninth Circuit leaves this point open, because it specifically says, this is not a case where Congress acted beyond its power over the State, so we need not decide whether a removing State defendant remains immunized from federal claims that Congress failed to apply to the States through an abrogation of Eleventh Amendment immunity. So the Court specifically carved out that issue and left the hole for that to be filled. And other circuits agree with our position that removal by itself does not waive a State's Alden immunity under Fair Labor Standards Act. In our briefs, we've cited cases from the First Circuit, Third Circuit, Fourth, Fifth, Tenth, Eleventh, and District of Columbia Circuit, all which speak to that same point. And likewise, district courts in the Ninth Circuit that we've cited, one from Montana, one from the District of Nevada, and two from the District of Arizona, all speak to the same point, that that is, that's the overwhelming conclusion of the sister circuits, and we believe that the Ninth Circuit should move in that direction. Another point we'd like to make is that the statute in question, NRS 41031, did not constitute a waiver of Nevada's sovereign immunity to federal, to Fair Labor Standards Act claims in any court. As I said before, the waiver has to be clear and unequivocal. Because it's a constitutional right. But more importantly, the legislative history of NRS 41031 makes it clear under the Hagbloom case and the Hyatt v. Franchise Tax Board case that the Nevada Supreme Court has repeatedly construed that statute to concern only negligence and not contractual matters or administrative or regulatory matters. The nature of the relationship between the State of Nevada and its employees is entirely statutory and or administrative law based. It has nothing whatsoever to do with negligence and relates to principles of contract law not tort. Nevada has not created a state law private right of action for unpaid compensation under Fair Labor Standards Act, and Nevada has merely incorporated portions of FLSA into its statute for certain purposes. But that does not create an independent right by itself. And lastly, we think it's interesting, too, that the appellees don't disagree with Nevada's position that removal to federal court did not waive Alden immunity. The argument they make is the Nevada legislature did that for them so that they don't have to, they believe that, they've never addressed the point that our removal constituted a waiver of that immunity. They're saying, if you look at NRS 41031, that by itself does it. And the appellees spend nearly 12 pages of their brief making that argument despite the fact that the legislature concluded that it applies only to negligence actions and not to any other kind of claims. And they cite the Oregon Tort Claims Act, and there's been a 28J letter that got submitted just the other day, which deals with the New York statute. I'm interested to know the New York statute is represented as waiving both liability and suit immunity. What do you think is the difference between the New York statute and the Nevada statute? Well, I think the difference is, well, first of all, I would say that I think with due respect to the State of New York and the State of Oregon, we're dealing with the interpretation of the Nevada statute, which has been duly interpreted by the Nevada Supreme Court. I understand. I understand. Well, the scope of the immunity that's waived in those States, I'm not a licensed attorney in the State of New York. I can't render an opinion about what New York statute says or doesn't say, but if that language is used. Well, neither are we, but, of course, we look at analogous statutes and cases. So. Oh, sure. I mean, the language is certainly different as between the New York statute that was cited, the Oregon statute, and the Nevada statute. I'm not going to deny that. But when you have legislative history and you have decisions from the Nevada Supreme Court which make the point that it's only intended to apply to negligence actions, I think it's crystal clear. And so I think with all due respect, what the States of New York and Oregon have decided is sort of beside the point, because we're dealing with a Nevada statute, particularly where the wishes or the preferences of the Nevada Supreme Court are clear that it only applies to negligence. Does the Court have any other questions on any aspects of our presentation? No. Okay. So you're saying that by removing it to Federal court doesn't amount to heel or beams. It's not relevant here. All we're saying is that the removal to Federal court did not open us up to suit under the Fair Labor Standards Act and waive that immunity under Alden versus Maine. That's the entirety of the immunity that we're seeking to vindicate here today. Thank you. Thank you, Your Honor. May it please the Court, Joshua Buck, on behalf of the appellees, plaintiffs below, I want to first address an issue that my friend on the other side raised about the Nevada Supreme Court having addressed the issue of the 41.031 waiver of immunity as only applying to torts. That is not correct. The Nevada Supreme Court has never addressed the scope of 41.031. There are numerous cases in which in dicta the Nevada Supreme Court has addressed the underlying suit, which was a tort suit, and stated that Nevada generally waives immunity from torts. The waiver of 41, contained in 41.031, is arguably the broadest waiver of sovereign immunity that I have been able to locate in any particular state, the most analogous being New York. And in the Nevada 41.031 waiver of immunity, it says, waiver from all actions and liabilities with the exception of certain limitations that were provided in the underlying, the later followed statutes, none of which contain an exception for claims under the Fair Labor Standards Act. I do want to go back to the opening remarks of the appellate defendant. Because I think that this is critical. They say that they are arguing and have consistently argued that they are immune from suit. This Court is well aware in Taylor v. County of Pima, which asked the parties to address, that there is a distinction between immunity from suit and immunity from liability. NDOC has only argued below that they're immune from liability, and they've only argued on appeal. If you look at their opening brief, the questions presented refer to immunity to liability only. If you look at the reply brief at page 4, it is, again, it's not asserting jurisdictional immunity, i.e., immunity from suit. And if you indeed look at the response to pleading that was on file, and it's at the record at 1511, this is a response to pleading to the original file complaint, the only affirmative defense that they asserted was immunity from liability. What benefit does that give for your client? Well, Your Honor, ultimately, essentially, it's a kick-the-count down the road. But under Taylor v. County of Pima, it says that this Court should or can only address the issue of whether immunity from suit and the question of immunity from liability is better raised after a final judgment. And so, ultimately, it's the district court did hold that the NDOC is, has waived its sovereign immunity from suit and from liability. But under the Pima case, the Court essentially waits to decide the issue of immunity from liability after a final judgment. If the State had not removed this case, do you admit that they would be immune from suit? Absolutely not. The State? Absolutely not. And that's what we've argued in our brief, and that goes to immunity from liability, because under NRS 41.031, they clearly, the legislature has clearly and expressly waived its immunity from all actions and liabilities, with only certain exceptions and none of which apply to the Fair Labor Standards Act. And again, the Fair Labor Standards Act is applicable and can be brought in Federal or State courts across this country. Alden immunity, you know, the defendants raised this issue of Alden v. Maine, only addressed the issue of when a State does not consent to have its liability determined in the same as a corporation or a person. Again, I would point the Court's attention to the actual language of 41.031, which says the State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations. When you look at that particular language and you look at the language of the New York statute, it's as if Nevada took it wholesale from the New York statute, which was passed earlier, was subject to minor modifications. And when you look at the New York treatment of that particular statute, they have always held that the FLSA applies, and they have held that government employees can enforce their rights pursuant to the FLSA in State courts or in Federal courts if the defendant so chooses to remove the case to Federal court. What the defendant is trying to do is essentially to somehow include language into the 41.031 statute, which is not there. And they're doing it by focusing on dicta from Nevada Supreme Court cases and not reflecting the actual plain language of the statute. And that's really where this Court's, if this Court gets to that issue. So in your view, does it come down to our interpretation of the Nevada Supreme Court's cases? If this Court is going to decide the issue of whether the Nevada Department of Corrections is immune from liability under the FLSA, then it would be, then this Court would have to look to Nevada State law in interpreting that statute. Should we certify this case to the Nevada Supreme Court so that we get a clear answer instead of what some might call dicta? It's certainly within this Court's ability to do that. I think that, frankly, Your Honor, there's plenty from the Nevada Supreme Court and plenty that this Court could use to be able to analyze this question here and now. Mainly What is the best Nevada Supreme Court case in your view on the issue? Well, I think that the best Supreme Court cases are the ones that talk about the determining waiver of immunity. And Nevada looks, it construes the waiver of immunity extremely broad. If you look at many of these different cases. Just to be clear, though, what we're looking at is Nevada Supreme Court cases that provide principles. Correct. That we might use to interpret the statute. Correct. Your Honor, that's essentially what we have at this point. But we have those principles like in State versus Silva, which, quote, the apparent legislative thrust was to waive immunity and correlatively to strictly construe limits on that waiver. So the Nevada Supreme Court has told all the courts, you first look at 41.031 and its waiver is extremely broad. You give that intent. And then you look at the limitations on that waiver and you strictly construe those. The only limitation on the waiver that NDOC can possibly point to and has pointed to is 41.0321, which is the discretionary immunity. And so what essentially NDOC is saying is that they are immune from liability because it has been their discretion whether or not to follow the FLSA. And as this Court has held in prior cases, following a statute is not a discretionary act. A discretionary act under that particular exception is something like discretion of whether or not to use force in arresting a particular individual, not in whether or not certain people should be paid for performing work pre and post shift that is otherwise compensable. And again, when you look at the standards that Nevada Supreme Court has set out, construing 41.031 broadly, and you also look at other cases such as the Glaucom case that we cited in our brief, which addresses that the Nevada Supreme Court has dealt with cases that are not just limited torts. In that particular case, it was a dispute between a fire district and a county over the interpretation of a statute. And the Nevada Supreme Court addressed that issue and in that case said, pursuant to 41.031, the State of Nevada waived its immunity and the immunity of all its political subdivisions from liability and legal actions. So at least listening to that phrase, it would appear to be both liability and immunity from suit? Correct. It is a waiver of the suit, which is what this Court in Pima said, liability and suit are distinct issues. It's a waiver of the suit and a waiver of the liability from the claim. And getting to removal, I don't think there's much dispute. By NDOC having removed the case that we originally filed in State court to the Federal court, it waived its immunity under Embry. Embry put out a very clear and concise statement which says, removal waives that immunity. If there are, if the Court has any further questions, I'm happy to answer with respect to. Just one further question, if you will. And you just referred back to Embry. Your learned opponent says, well, we left open in Embry, this question of removing a State defendant, whether you immunize from Federal law claims. On the other hand, I hear you to say, no, I'm sorry. Embry decides the issue flat out. So what do you do about the carve out, if you will, that the circuit did in Embry in terms of what it's not deciding? Is that applicable here? It's not applicable here, and the Court really doesn't have to reach the issue because, again, the Nevada statute under 41031, they've consented to liability and action. Therefore, under that statute, you have a consenting State, just like in New York is a consenting State to this liability. When they removed the action from the State court, they waived their immunity from suit in the Federal court. And let's take a look at what has happened since that removal, which was done in 2014. The State of Nevada litigated this case for four years. We took tens of depositions. We've exchanged tons of documents. This case has been actively litigated without them ever having raised the immunity from suit issue. It was never raised in the response to pleading to the answer. The first time it was ever raised was in their answer to the First Amendment complaint in 2018. How long was that after it was originally filed? Four years, Your Honor. Four years having the Nevada. There's always this question about jurisdiction, of course, can be raised at any time. But is there a waiver of a waiver by not raising the waiver of suit until later? Your Honor, my understanding is that the way that a party can waive the immunity from suit, because immunity from suit is really immunity from the particular jurisdiction. Can you proceed in this particular court? Can you proceed in Federal court? Well, they obviously can because they did. For four years, they litigated the case. Well, immunity from suit is you can't sue me at all, basically. But again, Your Honor, I would submit that if that were true, which is the reason behind the immunity from suit is to protect the State from having to defend against cases it need not defend, why defend for four years? Why defend for four years, file two motions for judgment on the pleadings, get an affirmative order from the district court dismissing State law causes of action, which we contend was erroneous and will still appeal on a final judgment? So you have a practical problem. We have State law actions that have been dismissed by Judge Due in the lower court, but we cannot appeal those until a final judgment, right? And we plan on appealing. One of them was based on the breach of contract action for failure to follow the FLSA, which the defendants agree that the FLSA is sounding in contract. So we believe we have at least a tolerable chance at an appeal on that action. But we can't do that yet. So this Court is in the untenable situation of having to decide at this point, does it agree with defendants and dismiss this appeal? Then what happens to the State law causes of action? Because we have a right to appeal those to this Court. Well, would that then, if there were no jurisdiction on the Federal claims, would it come back under supplemental jurisdiction in the Federal district court? Without a Federal question, I don't know the answer to that, Your Honor. But it has to go somewhere. We have a right to be able to have that claim heard. We have a right to be able to appeal that claim. As defendants suggest that the case should be remanded to State court, we have a case that's remanded to State court, and then we appeal a Federal court, judges dismissing our State law causes of action to the Nevada Supreme Court. Do they say remand to Nevada Supreme Court or a Nevada trial court? The defendants have always asked in their prayer of relief that you dismiss the FLSA action and that you reverse the district court's order and then have the district court remand the action to State court. Right. But to address your issue about whether it has been waived, the argument that they are immune from suit, I point the Court to Haven 215 F3D 727, which states that the failure to raise as an affirmative defense in the first response to pleading a immunity from suit will waive that argument. Thank you. Thank you, Your Honor. Just to address a few of the main points here. Our June 24, 2014 answer to the original complaint absolutely references the immunity that we are seeking to vindicate here today. It has been mentioned in our answer to complaint in June of 2014. It was mentioned again on April 19, 2018 with our answer to the First Amendment complaint. So there has never been any issue that we have preserved this entitlement to Alden immunity from the beginning. I just want to make a few points. First of all, counsel is trying to sort of cobble together a way to justify the fact that Nevada waived immunity to Alden immunity by pulling notes and head notes and possibilities of things here and there. Franchise Tax Board v. Hyatt, the Nevada Supreme Court case, could not be clearer. It goes to a lengthy discussion where it talks about what the reach of that waiver is intended to be. And it specifically says that it's not intended to address anything other than negligence actions. Hager Bloom is another case we've cited in our brief. We believe that is clear as well. Clark County v. Richardson Construction, another Nevada Supreme Court case, speaks to that the state does not waive its immunity in those circumstances as well. And I want to circle back to the Taylor v. County of Pima discussion. We believe Taylor v. County of Pima is distinguishable on its face from the matter before the court. Simply stated, the municipality in that case made it clear that they were only dealing with immunity from liability. And in the oral argument, counsel basically conceded that fact, and the briefing specifically said we're dealing, we are only alleging immunity from liability. That is clearly distinguishable from this case. We're not going to do that. Let me stop there because I'm looking now at your opening brief, and it says the issue presented on appeal is whether the State of Nevada waived sovereign immunity from liability for the FLSA claims. And then issue B also is liability. Right. Your Honor, I want to be clear. Liability was not used in the sense of liability as it relates to the jurisdictional question. What we meant was liability under the entirety of the FLSA in any court. We have always argued that we're dealing with the immunity. So you said liability, but you meant immunity from suit? Absolutely. A hundred percent. And I understand. And one of the other things counsel referenced is that this didn't get raised until, or at least litigated until you're down the road with depositions, discovery, and everything else. How did that happen? Well, Your Honor, there's a few points there. First of all, we, the cases are clear that the State does not, doesn't necessarily even have to argue or seek to pursue immunity until later in the case. And there's no presumptive prejudice to the other side from that. There are standards. So your position is it can be raised at any time in the whole case, even on appeal? I'm not saying that, Your Honor. What I am saying is. But it doesn't answer. Let's answer my question, and then you can tell me about those cases. My question is, how does it happen that four years go by before this thing gets  And that would normally be a normal lawsuit. Understood. Two points. Firstly, their claim that we waive this issue through litigation conduct was itself raised by them for the first time in their brief in this appeal. They did not raise that below, nor did they preserve that issue. I'm still, I need like a simple understanding. How did this get in front of the district court four years down the road? I understand. How did this get in front of the district court, you mean? Right. I mean, how does it come up after all this discovery and the case has been going on, and then magically it hits the scene? Understood, too. There was a motion for judgment on the pleadings which stood submitted with the court for at least a year. We were subject to discovery orders in the court which required, oh, I should add this. This case began as a mixture of different kinds of State law claims and the FLSA claims. And the discovery as to those sets of claims was identical. The nucleus of facts dealing with both claims. Let me, you know, we seem to be not communicating for a real simple answer. Okay. So let me ask it a different way. Please. Because it may be my fault for not being clear. At the outset of the case, if you believe you had immunity from suit, did you file a motion for dismissal on the basis of immunity from suit? On that basis, we did not. Why not? I can't speak to that. Because I was not involved in this litigation at the time. I mean, we get all kinds of qualified immunity and other immunity appeals. And normally that's the first thing you do as a defendant. You see, is there any way I can get out of this lawsuit? And, of course, if you have immunity, you raise your hand and say, I shouldn't even be here, at least on these claims. Understood. But what I can say is if the court looks at the cases which talk about them. I don't want to look at the cases. I want to look at this case. Okay. Okay. I understand the court's concern. It was not raised until later. There's no question. But four years after things are rolling down the road, did you – you filed a motion? Well, the court set up briefing on it and asked us to respond to the immunity issue, which we did do. Okay. So it was preserved in the answer to complaint and to the First Amendment complaint. But to be clear, the cases are very clear that we did not have to – we did not have to do it the way the court might suggest and move forward immediately. We were within our rights to wait until later to do so. And as an example, there's a Second Circuit case that we cite, Beaulieu v. Vermont, where the State said, we waive this immunity, and then changed their mind later and came back and said, you know what, we want to pursue that immunity. And even in that case, that was found to not constitute a waiver of the issue. So we believe the cases are strongly on our side, that we have not prejudiced them through our conduct. There has been no advantage taken in the litigation because of the way things have spilled out. And so they have not been hurt by the fact that this has taken place the way it has. Add to that, the claims you're dealing with are State law and Federal law claims, where the discovery that was done, the depositions that counsel was talking about, was all discovery that would have occurred anyway, even if there were no FLSA claims. And so for that reason, there is no harm, no foul from their standpoint. They have not been prejudiced. There was no advantage taken. And the cases are clear that we can assert the immunity, even as late as it has been asserted now. But we've preserved it forever. So let me just get this straight. Your view is that you removed the case to Federal court, correct? Yes. Yes. And now you're telling us you want us to send it back to State court, where it started? No, Your Honor. Oh, okay. No, I should be clear about that. What we're saying is the State law claims, by virtue of Judge Due's order which dismissed some of them, and by virtue of stipulation which dismissed the remainder of them, are gone. All that's left are the Fair Labor Standards Act claims. So we believe if the Alden immunity is vindicated that we've been advocating here, the case is over. There's nothing left to go back down. The Court should reverse the order that Judge Due issued and dismiss the case with prejudice, because there are no State law claims. All right. Thank you. Unless there's further questions. Thank you, Your Honor. Thank you very much. Thank both counsel for argument. Very interesting case. The case of Walden v. State of Nevada is submitted.
judges: Siler, Tashima, McKeown